# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

CHRISTINA WINN,

    Plaintiff,

vs.

THE CITY OF TULSA and JIM BRILL,

    Defendants.

Case No.14-CV-497-CVE-FHM

## OPINION AND ORDER

Plaintiff's Motion for Sanctions Against Defendant City of Tulsa, [Dkt. 15] is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed and is ripe for decision. [Dkt. 15, 17, 22].

Before this action was removed from state court, Plaintiff served discovery requests on the City of Tulsa (City). The City failed to serve timely responses and Plaintiff filed a motion to compel in the state court. An order compelling discovery responses was entered. Plaintiff subsequently agreed to a number of extensions of time for the City to respond. The City has responded to the discovery requests, but Plaintiff asserts that the responses have not sufficiently answered the discovery requests. Plaintiff now seeks an order sanctioning the City in any one or a combination of the following ways: 1) denying Defendant the opportunity to present any statutory or affirmative defense; 2) imposing Plaintiff's costs and attorney fees on Defendant, regardless of the outcome at trial; 3) submitting an adverse instruction to the jury that Defendant deliberately suppressed relevant information about use of force complaints, and the information was likely adverse to their defense; 4) an order precluding Defendant from introducing any character or conviction evidence against the Plaintiff. [Dkt. 15, p. 10]. The City asserts that it has

complied with the discovery requests and asserts that Plaintiff has enlarged the discovery requests by way of issuing deficiency letters whereby she requested additional information not included in the original discovery request. Plaintiff replies that in other cases her counsel has prosecuted against the City, the information she now requests has been provided on the basis of the same or similar requests and asserts that the "City has clearly withheld relevant requested information and should be sanctioned for failing to comply with the Tulsa County District Court's Order." [Dkt. 22, p. 3].

The court notes that Plaintiff has not asked that the dispute over the scope and meaning of the discovery request be resolved, but only that sanctions be imposed against the City. It is not apparent from the parties' papers that Plaintiff has not received all the materials responsive to her specific discovery requests. Thus, Plaintiff has not demonstrated that sanctions against the City are appropriate. Plaintiff's Motion for Sanctions Against Defendant City of Tulsa, [Dkt. 15] is DENIED.

If the parties have not resolved the dispute over what should be produced in response to the discovery requests, after a face-to-face meet and confer is conducted in a sincere effort to resolve and narrow the area of dispute,[1] a motion to compel specifically addressing the outstanding discovery should be filed and, upon request, may be addressed on an expedited basis.

SO ORDERED this 10th day of November, 2014.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] *See,* LCvR36.1, requiring personal conference to attempt to resolve discovery disputes.